UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No.:

| | |
|---|---|
| SL MONROE, SR., and other similarly situated individuals, | ) ) ) |
| Plaintiff(s), | ) ) ) |
| v. | ) ) |
| DELPHI BEHAVIORAL HEALTH GROUP, LLC d/b/a The Palm Beach Institute, PALM BEACH RECOVERY, LLC, and DOMINIC SIRIANNI, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiff SL MONROE, SR. ("Plaintiff") and other similarly situated individuals, sue the Defendants DELPHI BEHAVIORAL HEALTH GROUP, LLC d/b/a The Palm Beach Institute, PALM BEACH RECOVERY, LLC, and DOMINIC SIRIANNI (collectively the "Defendants"), and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime wages and retaliatory discharge under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

3. Plaintiff is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

1

4. DELPHI BEHAVIORAL HEALTH GROUP, LLC d/b/a The Palm Beach Institute and PALM BEACH RECOVERY, LLC (collectively the "Corporate Defendants") are limited liability companies and Florida residents, respectively, having their main places of business in Palm Beach County, Florida, where Plaintiff worked for the Corporate Defendants, and at all times material hereto were and are engaged in interstate commerce.

5. DOMINIC SIRIANNI (individually the "Individual Defendant"), upon information and belief, resides in Broward County, Florida.

## COUNT I: WAGE AND HOUR VIOLATION
## BY PALM BEACH RECOVERY, LLC (OVERTIME)

6. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

7. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provide its services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-

Florida sources, accepts funds from non-Florida sources, use telephonic transmissions going over state lines to do its business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendants were at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

9. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are an addiction treatment center and, through its business activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a Behavioral Health Technician for the Corporate Defendants' business.

10. While employed by the Corporate Defendants, Plaintiff worked approximately an average of 50 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. However, the Corporate Defendants did not pay the Plaintiff any overtime he worked.

11. Plaintiff was employed as a Behavioral Health Technician performing the same or similar duties as that of those other similarly situated Behavioral Health Technicians whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

12. Plaintiff worked for the Corporate Defendants from approximately July 20, 2018, through April 1, 2020. In total, Plaintiff worked approximately 88.7 compensable weeks under the Act, or 88.7 compensable weeks if we count 3 years preceding the date of the filing of the instant action.

13. The Corporate Defendants paid Plaintiff on average approximately $15.25 per hour.

14. However, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

15. In addition, the Corporate Defendants were in the habit of routinely "shaving off" from Plaintiff's weekly salary. As a result, the Corporate Defendants paid Plaintiff less hours than he actually worked. Therefore, the Corporate Defendants paid $0.00 for certain hours that Plaintiff worked for the Corporate Defendants. Furthermore, the Corporate Defendants did not compensate Plaintiff for all of his earned paid time off ("PTO") and flextime.

16. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

17. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

  a. **Actual Damages:** $6,763.375
     i. Calculation: $15.25 (average hourly pay) x .5 (overtime rate) x 10 (approximate number of overtime hours) x 88.7 (compensable weeks) = $6,763.375
  b. **Liquidated Damages:** $6,763.375
  c. **Total Damages: $13,526.75** plus reasonable attorneys' fees and costs of suit.

18.     At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

19.     The Corporate Defendants knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

20.     The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

21.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY THE INDIVIDUAL DEFENDANT (OVERTIME)

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 and 17 above as if set out in full herein.

23. At the times mentioned, the Individual Defendant was, and is now, the owner, director and/or a high-ranking officer of the Corporate Defendants. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

24. The Individual Defendant is and was, at all times relevant, a person in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) its employees in accordance with the Act.

25. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

26. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

**COUNT III: VIOLATION OF 29 U.S.C. 215 (a)(3)**
**RETALIATORY DISCHARGE AGAINST THE CORPORATE DEFENDANTS**

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

28. The Corporate Defendants willfully and intentionally refused to pay Plaintiff his legally owed overtime wages, and PTO and flextime, and remain owing Plaintiff these wages as set forth above.

29. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

30. On or about August 17, 2018, Plaintiff complained to his supervisor, Laura Spanaro, about unpaid overtime wages and PTO.

31. In or about November of 2019, Plaintiff complained to his supervisor, Andy Parker ("Parker"), about unpaid overtime wages and PTO. Parker directed Plaintiff to contact Jessica (ULN) in Defendants' Human Resources Department.

32. In or about March of 2020, Plaintiff again complained to Parker about unpaid overtime wages and PTO, and threatened to seek legal help.

33. On or about April 1, 2020, Parker informed Plaintiff that he was terminated, allegedly because of Covid-19.

34. The motivating factor, which caused Plaintiff's discharge as described above, was the complaint seeking the payment of wages from the Corporate Defendants. In other words, Plaintiff would not have been fired but for his complaint about unpaid overtime wages.

35. The Corporate Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter a judgment against the Corporate Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs; and

B. Reinstatement and promotion and injunctive relief prohibiting the Corporate Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: June 17, 2020.                    Respectfully submitted,

By: **/s/ Tanesha W. Blye**
Tanesha W. Blye, Esq.
Fla. Bar No.: 0738158
R. Martin Saenz, Esq.
Fla. Bar No.: 640166

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549