# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PALM BEACH DIVISION

### CASE NO. 9:20-cv-80954-DMM

SL MONROE, SR, and other similarly
situated individuals,

      *Plaintiff,*

v.

DELPHI BEHAVIORAL HEALTH GROUP, LLC,
d/b/a The Palm Beach Institute, PALM BEACH
RECOVERY, LLC, and DOMINIC SIRIANNI,

      *Defendants.*

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

    Defendants, Delphi Behavioral Health Group, LLC ("Delphi"), Palm Beach Recovery,

LLC ("Palm Beach"), and Dominic Sirianni ("Sirianni") (collectively, "Defendants"), hereby file

their Answer and Affirmative Defenses to Plaintiff's Complaint [D.E. 1], and state:

### JURISDICTION

    1.    Defendants acknowledge that Plaintiff seeks to assert the Court's jurisdiction

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), but Defendants

deny, insofar as paragraph 1 alleges or implies, that Defendants violated any law, or acted in any

improper manner toward Plaintiff or any other alleged similarly situated individuals.

    2.    Defendants acknowledge that Plaintiff seeks to assert the Court's jurisdiction

pursuant to the FLSA, but Defendants deny, insofar as paragraph 2 alleges or implies, that

Defendants violated any law, or acted in any improper manner toward Plaintiff or any other alleged

similarly situated individuals.

1

3.    Without knowledge, therefore, denied.

4.    Defendants admit that Delphi and Palm beach are limited liability companies, with their main places of business located in Palm Beach County Florida, and Plaintiff worked for Palm Beach. Defendants otherwise deny all other allegations therein.

5.    Denied.

**COUNT I: WAGE AND HOUR VIOLATION
BY PALM BEACH RECOVERY, LLC (OVERTIME)**

6.    Defendants reassert and incorporate by reference their answers to paragraphs 1 – 5 of this Answer as if fully set forth herein.

7.    Denied.

8.    28 U.S.C. § 1337 and 29 U.S.C § 216(b) speak for themselves. To the extent a response is necessary to the allegations in paragraph 8, Defendants deny the allegations therein.

9.    Defendants admits that Plaintiff worked for Palm Beach as a Behavioral Health Technician. Defendants otherwise deny the remaining allegations therein.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.     Denied.

20.     Denied.

21.     Denied.

Prayer for Relief: Denied.

## COUNT II: WAGE AND HOUR VIOLATION
## BY SIRIANNI (OVERTIME)

22.     Defendants reassert and incorporate by reference its answers to paragraphs 1 – 5 of this Answer as if fully set forth herein.

23.     Sirianni admits that he is Chief Executive Officer of Delphi and Palm Beach. Sirianni otherwise denies the remaining allegations therein.

24.     Denied.

25.     Denied.

26.     Denied.

Prayer for Relief: Denied.

## COUNT III: VIOLATION OF 29 U.S.C. 215 (A)(3)
## RETALIATORY DISCHARGE AGAINST PALM BEACH & DELPHI

27.     Defendants reassert and incorporate by reference its answers to paragraphs 1 – 5 of this Answer as if fully set forth herein.

28.     Denied.

29.     29. U.S.C. § 206(6)(a)(3) speaks for itself. To the extent a response is necessary, Defendants deny the remaining allegations therein.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

Prayer for Relief: Denied.

## <u>GENERAL DENIAL</u>

Defendants deny all allegations and prayers for relief throughout Plaintiff's Complaint which are not specifically admitted by Defendants.

## <u>JURY DEMAND</u>

Defendants demand a jury trial on all issues triable.

## <u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiff fails to state a claim upon which relief can be granted because Plaintiff was not a covered employee entitled to protections of the FLSA.

2.      To the extent Plaintiff is not exempt from the FLSA's overtime pay requirements, Plaintiff is not entitled to any compensation for time spent preliminary or postliminary to his principal work activities.

3.      To the extent Plaintiff was not exempt from the FLSA's overtime pay requirements, Plaintiff was only entitled to compensation for the compensable hours actually worked by him. Accordingly, Defendants are entitled to set off from any damages awarded to Plaintiff for any wages paid to Plaintiff for non-compensable work time.

4.      To the extent Plaintiff is entitled to overtime pay, Plaintiff has waived any right to any overtime pay he now seeks as a result of his failure to properly follow policies and procedures of Defendants for reporting overtime hours worked.

5. To the extent Plaintiff is entitled to overtime pay, Plaintiff is estopped from claiming any overtime pay he now seeks as a result of his failure to properly follow policies and procedures of Defendants for reporting overtime hours worked.

6. To the extent Plaintiff is entitled to overtime pay, Plaintiff's claim for any overtime pay he now seeks is barred by the doctrine of unclean hands as a result of his failure to properly follow policies and procedures of Defendants for reporting overtime hours worked.

7. To the extent Plaintiff is considered a covered, non-exempt employee under the FLSA, any insubstantial or insignificant period or recorded working time beyond the scheduled working hours of Plaintiff, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minmimis* and may be properly disregarded for payroll purposes, in accordance with 29. C.F.R. §785.47.

8. Plaintiff fails to state a claim upon which relief can be granted because Delphi is not an employer under the FLSA.

9. Plaintiff fails to state a claim upon which relief can be granted because Sirianni is not an employer under the FLSA. Sirianni did not exercise operations control over Palm Beach and was not involved in the day-to-day operations of Palm Beach nor did he have direct responsibility for the supervision of Plaintiff.

10. Plaintiffs' claims are barred by the statute of limitations. The statute of limitations for claims seeking unpaid wages is two years, but if the claim is one "arising out of a willful violation," another year is added. 29 U.S.C. §255(a). Here, the two-year statute of limitations applies to Plaintiff's claims as there no factual allegations in the Complaint that Defendants willfully violated the FLSA.

11.     The applicability of the statute of limitations requires individualized determinations for each putative member of the purported class, thereby precluding class-wide resolution.

12.     Plaintiff's claims, brought on behalf of himself and putative class members are barred, in whole or part, under the doctrine of waiver, laces, estoppel, ratification, acquiesce, or unclean hands.

13.     Plaintiff fails to state a claim upon which relief can be granted because Plaintiff received all compensation to which he was entitled.

14.     Plaintiff and putative members of the class are not similarly situated to any other person or persons of the FLSA.

15.     Plaintiff is not an appropriate representative for the proposed class in that he is not similarly-situated to those he seeks to represent.

16.     Plaintiff's claim is not similar, common, or typical to those of the alleged similarly situated individuals and there is no basis in law or fact for a collective action.

17.     Defendants relied in good faith upon the regulations and interpretations under the FLSA applicable to Plaintiff's employment and acted with a reasonable belief that their pay practices with respect to Plaintiff were in full compliance with the FLSA.

18.     Plaintiff is not entitled to recover from Defendants liquidated damages under the FLSA, because Defendants  acted in good faith and did not willfully, or with reckless disregard, violate the FLSA.

## RESERVATION OF RIGHTS

Defendants hereby gives notice that they intend to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

Respectfully submitted,

WOLFE | PINCAVAGE
*Counsel for Defendants*
2937 SW 27th Avenue
Suite 302
Miami, Florida 33133
Telephone: 786-409-0800

/s/ Omar Ali-Shamaa
Danya J. Pincavage
Fla. Bar No.: 14616
Danya@wolfepincavage.com
Omar Ali-Shamaa
Fla. Bar No.: 121461
Omar@wolfepincavage.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this July 27, 2020  the foregoing was served *via* the CM/ECF system on:

Tanesha W. Blye
Tblye@saenzanderson.com
R. Martin Saenz
Msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Ave, Ste. 800
Aventura, Florida 33180
Telephone: 305.503.5131
*Counsel for Plaintiff*

By: /s/ Omar Ali-Shamaa
        Omar Ali-Shamaa