UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No.: 9:20-cv-80954-DMM

SL MONROE, SR., and other similarly )
situated individuals, )
  )
         Plaintiff(s), )
  )
v. )
  )
DELPHI BEHAVIORAL HEALTH GROUP, )
LLC d/b/a The Palm Beach Institute, PALM )
BEACH RECOVERY, LLC, and DOMINIC )
SIRIANNI, )
  )
         Defendants. )
_____)

**PLAINTIFFS' MOTION TO COMPEL BETTER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, OR IN THE ALTERNATIVE, MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND TO FILE PRETRIAL MOTIONS**

      Plaintiff, SL MONROE, SR. ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 37 and Local Rules 7.1 and 26.1, file this Motion to Compel Better Responses to Request for Production of Documents and hereby move this Court for an order directing Defendants DELPHI BEHAVIORAL HEALTH GROUP, LLC d/b/a The Palm Beach Institute ("Delphi"), PALM BEACH RECOVERY, LLC ("Palm Beach"), and DOMINIC SIRIANNI ("Sirianni"), (collectively, "Defendants"), to provide better responses to Plaintiffs' Requests for Production of Documents. In the alternative, and pursuant to Fed. R. Civ. P 6(b), Fla. L.R. 7.1(a)(1)(j), and this Court's Pretrial Scheduling Order and Order Referring Case to Mediation entered on July 31, 2020 [ECF No. 18] (the "Order"), Plaintiff

1

hereby files this Motion for Extension of Time of Discovery Deadline and to File Pretrial Motions.[1] Plaintiff states as follows:

1. Plaintiff brought a two-count complaint on June 17, 2020, alleging: (1) unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"); and (2) retaliatory discharge in violation of the FLSA. Plaintiff contends that Defendants were in the habit of routinely "shaving-off" time from his time records which resulted in him being underpaid. [ECF No. 1].

2. Defendants filed their Answer and Affirmative Defenses on July 27, 2020. [ECF No. 16]. Defendants defend that Delphi and Sirianni are not Plaintiff's employers. Defendant Palm Beach state that it paid Plaintiff for all hours worked and has documents to support its position.

3. Pursuant to the Order, the discovery cutoff date in this matter is October 26, 2020, and the deadline to file all pretrial motions is November 9, 2020.

4. On September 16, 2020, Plaintiff served Defendants with the first set of written discovery requests; including the First Request for Production of Documents ("RFP"), Requests for Admissions and Interrogatories. Particularly, RFP Nos. 13, 17, 22, and 24 in essence seek Plaintiff's time records.

5. On or about October 16, 2020, Defendants submitted its responses to Plaintiff's Request for Production. In their responses, Defendant Palm Beach, states "Plaintiff's timesheets and paystubs were previously produced as part of Palm Beach's Rule 26 Disclosures." From review of the records, it appears that Defendants in fact produced Plaintiff's timesheets and paystubs.

---

[1] This Court recently denied without prejudice, Plaintiff's Motion for Extension of Time. [ECF No. 32]. Plaintiff has now taken multiple depositions, which have revealed Defendants' profoundly deficient discovery responses. As a result, Plaintiff must again request (only now in the alternative), an extension of the discovery and pretrial motion deadlines.

6. However, during the depositions of Defendant Delphi's corporate representative on Friday, October 23, 2020, Defendant Palm Beach Recovery's three corporate representatives on Thursday, October 22, 2020 and Friday, October 23, 2020, and multiple other fact witnesses October 20, 2020 through October 26, 2020, it became obvious that Defendants have possession of multiple records, reports and evidence that it should have produced in response to Plaintiff's discovery requests, but failed to do so. Particularly, Jennifer Vaygas, Delphi's Payroll Specialist and produced as Palm Beach's Corporate Representative, testified that Defendants have time records and / or reports which reflect any all manipulation to Plaintiff's time records. Defendants also have Plaintiff's handwritten time records and time logs which time stamp the date and times Plaintiff performed his duties and responsibilities during his work shift. Although clearly responsive, Defendants failed to produce such records, reports and/or logs.

7. Defendants also objected to producing comparator information. Defendants' RFP No. 6 requests the personnel file of individual Defendants employed, with the same job title(s)/description(s) as Plaintiff. Although Defendants objected to the requests as "unduly burdensome, harassing…" Defendants did not hesitate to present confidential documents to witnesses during deposition, in an obvious effort to embarrass and harass the witness. Given the ease at which Defendants obtained comparator documents to present to witnesses during deposition. Defendants could have and should have done so in response to Plaintiff's discovery requests. Defendant should be ordered to produce these records.

8. Additionally, Defendants failed to respond to certain other requests to which it did not properly object. For instance, as his RFP No. 5, Plaintiff ask for "[a]ny and all documents relating to Plaintiff's flextime …" Defendants objected and claimed that it did not know what *flextime* is referencing. However, Defendant's ex-Program Director, Lori Spatarro, knew exactly

what the term meant and testified during deposition on October 26, 2020, that it referenced an employee working an hour later one day and being able to leave an hour early another day without repercussion.

9. Therefore, all of the discovery requested by Plaintiffs, and being compelled hereby, is reasonably calculated to lead to the discovery of admissible evidence and is appropriate pursuant to Rule 26 of the Federal Rules of Civil Procedure.

## MEMORANDUM OF LAW

### DEFENDANTS MUST CURE ITS DEFICIENT RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION BY DEFENDANTS BY PROVIDING BETTER RESPONSES

The purpose of discovery is to provide a mechanism for making relevant information available to litigants. Advisory Notes, Fed. R. Civ. P. 26. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Motions to Compel are authorized if a party fails to attend a deposition, serve answers to written discovery requests or respond to a request for inspection.

The Federal Rules of Civil Procedure provide for a "broad search for facts which may aid a party in preparation of their case." *In re Infant Formula Antitrust Litigation v. Abbot Laboratories*, 1991 WL 185116 (N.D. Fla. 1991). Rule 26(b) permits discovery "regarding any matter . . . that is relevant to the claim or defense of a party" and the discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1). *See also McMahon v. Eastern Steamship Lines*, 129 F.R.D. 197 (S.D. Fla. 1989). Furthermore, the scope of discovery is broad and encompasses any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oregon Precision Industries, Inc. v. Int'l Omni-Pac Corp.*, 160 F.R.D. 592 (D.Or. 1995). The procedural rules governing discovery are therefore liberally interpreted to permit the wide-ranging

discovery of information even though the information may not be admissible at trial. *See United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388 (C.D. Cal. 2002).

**I.     Defendants must produce all of Plaintiff's time records in its possession and in response to Plaintiff's discovery requests.**

Defendants Delphi and Palm Beach failed to provide adequate responses to Plaintiff's Requests for Production of Documents Nos. 13, 17 and 24.

- RFP No. 13 requests "[a]ll time sheets and schedules for all weeks worked by Plaintiff for Defendant, …"

- RFP No. 17 ask for "[a]ll receipts of all wage deductions to Plaintiff's pay and all documents reflecting the reasons therefore."

- RFP No. 24 "[a]ny and all timecards, time and attendance sheets, and other documents which indicate or reflect hours and dates worked by Plaintiff during the relevant time period."

Essentially, Plaintiff's requested from Defendants all of his timesheets, receipts, records, reports, logs, and any and all documents pertaining to the dates, hours, and times Plaintiff worked for Defendants. Defendants responded to each of the requests by stating that "Plaintiff's timesheets and paystubs were previously produced." Given Plaintiff's allegation that Defendants *shaved-off* his time so that it would not pay Plaintiff for all his hours worked, documents reflecting manipulations or contradictions to Plaintiff's time records are certainly responsive to Plaintiff's discovery requests.

Although Defendants produced timesheets and paystubs, Plaintiff learned through witness depositions that Defendants have, in its possession, handwritten timesheets, date and time stamped logs and human resources reports. Specifically, Defendant Palm Beach, produced 3 corporate representatives for deposition on October 22 and 23, 2020. Collectively, Defendant Palm Beach

5

testified that Plaintiff's supervisors each had access to manipulate Plaintiff's time records, and that the manipulation would not be reflective in the time and/or pay records. However, due to thorough questioning, the corporate representatives further testified that Defendant Delphi and Palm Beach's human resources offices (specifically, payroll) could input information into their data system and easily populate a report that would provide history of all manipulations made to Plaintiff's (and any other employee's) pay records. Corporate Representative Jennifer Vaygas explained that this would not be a laborious or otherwise overwhelming task. Such evidence can clearly resolve the issue of whether Plaintiff's time records were manipulated, and Defendants should be ordered to produce any of the reports described in its possession.

Testimonial evidence further evidence that Defendants could have also produced logs and other records which reflect whether Plaintiff worked while he was clocked out. On October 26, 2020, witness Clair Dor, specifically testified that she witnessed another Behavioral Health Technician ("BHT") by the name of Daisy, clock -out of the time system and then continue to work because she needed to get her work done and she knew that Defendants Delphi and Palm Beach may discipline her if she worked overtime. Ms. Dor testified that many BHTs worked off the clock. Ms. Dor and Mr. Carl Heights (deposition taken on October 26, 2020), both testified that many employees worked and expressed that they were not paid their rightful wages. They both further testified that the employees openly discussed with one another Defendants' habit of shortening their pay. Andrew Parker was a BHT supervisor and he, along with Ms. Dor, that a BHT's time records could be compared to logs to possibly verify any discrepancies in time records. The witnesses testified that Plaintiff, as BHT, had to perform certain duties throughout his shift, such as transport clients, assist with client admissions and perform client checks. The witnesses testified that each time a BHT transported a client, they had to fill in the transportation log, walked

their rounds to check on patients they had to log the time of their checks, and when assisting with Admissions, the BHT was responsible for inputting information into the computer system. The witness explained that when the BHT input information into the computer system, it would date and time stamp the data entry. Defendants failed to produce any of the referenced logs in its production of documents. The witnesses contended that the electronic documents were maintained on the computer and the hand copy documents were kept in a binder in the tech office.

Although Plaintiff has alleged, since he filed his Complaint, that Defendants were in the habit of routinely "shaving-off" time from his time records which resulted in him being underpaid, it was not until Plaintiff's counsel had the opportunity to take the above referenced depositions, that it became obvious that Defendants failed to produce all documents in its possession which are responsive to Plaintiff's discovery requests. Defendants' attempt to cherry pic the time records to which Plaintiff is entitled is impermissibly evasive and non-responsive. Plaintiff deserves better responses from Defendants and therefore Defendants should be ordered to clear its deficiencies.

Better answers and responses to these requests for production are essential to Plaintiffs' case. Defendants here demonstrated a lack of willingness to comply with the Federal Rules of Civil Procedure, the Local Rules, and what it customary in this jurisdiction with respect to acceptable discovery practice. It is fundamental fairness that the Plaintiffs be provided the opportunity to pursue discovery to determine the basis of Defendants' defenses. Indeed, the primary goal of the rules of discovery is to facilitate the prompt and just resolution of litigation. As such, the Court should therefore compel Defendants to provide responses to requests for production forthwith.

### IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME OF DISCOVERY DEADLINE AND TO FILE PRETRIAL MOTIONS

Pursuant to Fed. R. Civ. P. 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the

court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect".

In light of Defendants' failure to produce sufficient responses to discovery, Plaintiff respectfully requests this Court enter an Order granting a brief extension of time, until and including November 25, 2020, for the Plaintiff to conduct further discovery, and until and including December 9, 2020, for the Plaintiff to file all pretrial motions.

This case is set for calendar call on January 13, 2021, and trial during the Court's two-week trial calendar beginning on January 19, 2021. As such, extending the discovery deadline will not cause prejudice or undue delay, and will not interfere with any court proceedings or the date of trial.

This Motion is not made to unduly delay these proceedings, and it is in the interest of justice to grant the extension requested herein.

Pursuant to Local Rule 7.1(a)(2), a proposed Order granting this Motion is being emailed to the Court and is attached hereto as **Exhibit "A."**

**WHEREFORE**, Plaintiff respectfully request that this Court grant its Motion to Compel Better Responses to Plaintiff's Request for Production of Documents, in its entirety, and all other relief that this Court deems just and appropriate, including an award of attorneys' fees to the moving party pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. In the alternative, Plaintiff respectfully requests this Court enter an order granting this Motion and extending the discovery deadline until and including November 26, 2020, and the Pretrial Motions deadline until and including December 9, 2020.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, but has been unable to resolve the matters set forth in this motion. However, Defendants' counsel responded that Defendants oppose Plaintiff relief its seeks for better responses to Plaintiff's Requests for Production of Documents. On October 23, 2020, counsel for Plaintiff contacted counsel for Defendants in an effort to discuss Defendants' failure to produce documents and deficiencies in Defendants' discovery responses. However, on October 26, 2020 counsel for Defendants stated that they do not agree to work extend the discovery deadline to allow the parties the opportunity to confer regarding the discrepancies in Defendants' discovery responses.

Dated: October 26, 2020.

Respectfully submitted,

**Tanesha W. Blye**
Tanesha W. Blye, Esq. (FBN: 738158)
E-mail: tblye@saenzanderson.com
**Aron Smukler**
Aron Smukler, Esq. (FBN: 0297779)
E-mail: asmukler@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

*Exhibit "A"*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No.: 9:20-cv-80954-DMM

SL MONROE, SR., and other similarly )
situated individuals, )
)
Plaintiff(s), )
)
v. )
)
DELPHI BEHAVIORAL HEALTH GROUP, )
LLC d/b/a The Palm Beach Institute, PALM )
BEACH RECOVERY, LLC, and DOMINIC )
SIRIANNI, )
)
Defendants. )
_____)

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL BETTER ANSWERS TO DISCOVERY, OR IN THE ALTERNATIVE, MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND TO FILE PRETRIAL MOTIONS**

This matter having come before the Court upon Plaintiff's Motion to Compel Better Responses to Requests for Production of Documents, or in the alternative, for Extension of Time of Discovery Deadline and to File Pretrial Motions, and the Court being otherwise duly advised in the premises thereto, it is hereby **ORDERED AND ADJUDGED** that:

Plaintiff's Motion for Extension of Time of Discovery Deadline and to File Pretrial Motions is hereby **GRANTED.** The discovery deadline in this matter is extended until and including _____, 2020, and the deadline to file all pretrial motions in this matter is extended until and including _____, 2020.

**DONE AND ORDERED** in _____, Florida, this _____ day of _____, 2020.

_____
**UNITED STATES DISTRICT JUDGE**

c: All counsel of record