UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No.: 9:20-cv-80954-DMM

SL MONROE, SR., and other similarly )
situated individuals, )
 )
        Plaintiff(s), )
 )
v. )
 )
DELPHI BEHAVIORAL HEALTH GROUP, )
LLC d/b/a The Palm Beach Institute, PALM )
BEACH RECOVERY, LLC, and DOMINIC )
SIRIANNI, )
 )
        Defendants. )
_____)

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT DOMINIC SIRIANNI'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, SL MONROE, SR. ("Plaintiff"), by and through undersigned counsel, and pursuant to Rule 56, Federal Rules of Civil Procedure, and Local Rule 56.1, Southern District of Florida, hereby submits this Response in Opposition to Defendant, DOMINIC SIRIANNI's ("Sirianni" or "Defendant"), Motion for Partial Summary Judgment, and requests, based on the foregoing response, that Defendant's Motion be denied with prejudice.

**INTRODUCTION**

Plaintiff was employed by Defendants DELPHI BEHAVIORAL HEALTH GROUP, LLC d/b/a The Palm Beach Institute ("Delphi"), PALM BEACH RECOVERY, LLC ("Palm Beach"), and DOMINIC SIRIANNI (collectively "Defendants") as a Behavioral Health Technician ("BHT") from approximately July 20, 2018 through April 1, 2020. During all relevant times, Delphi owned Palm Beach and Sirianni was the Chief Executive Officer and

employee of Delphi and Palm Beach. SIRIANNI ROGG RESPONSES #2-3 and ECF No. 41. On October 23, 2020, Michael Borkowski, Delphi's Corporate Representative, testified at his deposition that during Monroe's employment Sirianni owned stock in Delphi and Palm Beach. Plaintiff worked on average approximately 50 hours per week while employed by Defendants, and was paid on average approximately $15.25 per hour. However, Defendants did not pay Plaintiff for all hours Plaintiff worked in excess of 40 per week. On or about April 1, 2020, Plaintiff was unlawfully terminated because he complained to Defendants about unpaid wages. Plaintiff thereafter brought a three-count complaint against Defendants on June 17, 2020, alleging: (1) unpaid overtime wages against the Corporate Defendants in violation of the Fair Labor Standards Act ("FLSA"); (2) unpaid overtime wages against the Individual Defendant in violation of the FLSA; and (3) retaliatory discharge against the Corporate Defendants in violation of the FLSA.

Sirianni filed the Motion for Partial Summary Judgment, along with the Statement of Undisputed Material Facts in Support of his Motion for Partial Summary Judgment, alleging that Sirianni is not an employer under the FLSA because "Sirianni was not involved in the day-to-day operation of Plaintiff's employer, Palm Beach Recovery, LLC ("Palm Beach"), and did not have direct responsibility for the supervision of Plaintiff." However, Sirianni's Motion is based on misleading, inaccurate, and disputed material facts, and is not entirely supported by proper summary judgment evidence. Thus, there still remain genuine issues of material fact. Accordingly, because Sirianni's Motion for Partial Summary Judgment lacks merit, the Court should deny the Motion.

**MEMORANDUM OF LAW**

   A. **Summary Judgment Standard**

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether the moving party has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-moving party. *Adickes v. S.H. Kress &amp; Co.*, 398 U.S. 144, 157 (1970).

If the record presents genuine factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Doe v. City of Miami Gardens*, 389 F. Supp. 3d 1118, 1127 (S.D. Fla. 2019). If reasonable minds might differ on the inferences arising from undisputed facts then the court should deny summary judgment. *Id*. The dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or are not otherwise in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

### B. Sirianni is an employer as defined by the FLSA.

Pursuant to the FLSA, the term "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee. *29 USCS § 203(d)*. Employers under the FLSA may include corporate officers. *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986). The Eleventh Circuit has held that "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id*.

A corporate officer thus qualifies as an "employer" under the FLSA when he is either "involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee," and courts examine whether the officer was involved in the compensation of employees, the hiring or firing of employees, or other matters in relation to an employee. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008). However, "[w]hether an individual falls within this definition does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Id*.

### 1. Sirianni was an employer because he had operational control as CEO of Palm Beach.

The term "operational control" has been interpreted to include supervision over significant aspects of an entity's day-to-day functions, including employment matters. *Patel*, 803 F.2d at 638. The Eleventh Circuit has noted that "while control need not be continuous, it must be both substantial and related to the company's FLSA obligations." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1314 (11th Cir. 2013). Furthermore, according to Mirriam-Webster, the role of a CEO is defined as "the executive with the chief decision-making authority in an organization or business." *CEO*, Merriam-Webster.

In its Motion, Defendant claims that "[i]t is undisputed that Sirianni does not operate Palm Beach nor does he provide any general oversight to Palm Beach." See ECF No. 42. However, Sirianni is listed as the CEO of Palm Beach. See ECF No. 41 at ¶ 1. As CEO, Sirianni's duties "include guiding the company's growth and strategy." See ECF No. 45 at ¶ 5. Furthermore, Sirianni "is responsible for overseeing the financial viability of Delphi and making high-level strategic decisions." See ECF No. 41 at ¶ 7. Although Sirianni denies any involvement in having operational control of Palm Beach, it is undeniable that, as the CEO of DELPHI BEHAVIORAL HEALTH GROUP, LLC and PALM BEACH RECOVERY, LLC, Sirianni was at the head of the high-level decision-making and had control of his companies' growth and strategy.

Furthermore, the Policy and Procedure Orientation Acknowledgement Form signed by Plaintiff was provided by Delphi, Employee Action Forms were sent to Delphi, and Delphi informed Plaintiff of his termination. See ECF No. 45 at ¶¶ 24-26. In other words, all policies and procedures (including policies and procedures relating to employees' hiring, termination, and payroll), and hiring, firing, and training of employees was enforced and administered from the Delphi office Sirianni worked out of located in Ft. Lauderdale, FL.

Under the analysis of *Lamonica*, Sirianni's control over Palm Beach need not be continuous, and as such, Sirianni need not be involved frequently with Palm Beach's operations, as long as he had supervision of significant aspects of the company's FLSA obligations and or matters related to Plaintiff's employment. If Sirianni truthfully did not have any involvement or operational control of Defendants, then he is running the risk of being completely negligent in his oversight as a CEO. It is the essential function of the CEO to oversee all matters involving

one's business. Accordingly, whether or not Sirianni had operational control is an issue disputed between the parties. As such, Sirianni's Motion for Partial Summary Judgment should be denied.

### 2. Sirianni was involved with matters related to Plaintiff's employment.

Even if the Court were to find that Sirianni did not meet the standard set out for "operational control," the facts point to Sirianni's involvement with matters related to Plaintiff's employment. Sirianni claims that he had no involvement in the oversight of Palm Beach employees and points to the fact that he worked at the Fort Lauderdale office and not Palm Beach. See ECF No. 41 at ¶¶ 4-5. However, during the early stages of Plaintiff's employment with the Defendants, Plaintiff was sent to orientation at the Delphi office located in Fort Lauderdale to partake in his initial training. See ECF No. 45 at ¶ 20. It is at this orientational juncture of the Plaintiff's employment where Delphi introduced Plaintiff to his role with the company, and explained the company's vision, goals and objectives, policies, procedures and benefits . See *Id.* at ¶¶ 22-23. This training lasted for several hours each day, and occurred in the Ft. Lauderdale office where Sirianni completed his duties in guiding Defendants' growth and strategy. See *Id.* at ¶ 21. The fact that this training program, and likely others, occurred at Sirianni's office in Fort Lauderdale, shows that Sirianni was involved with matters related to Plaintiff's employment.

Accordingly, despite asserting otherwise, the undisputed record shows Sirianni was involved with matters related to Plaintiff's employment. As such, Sirianni's Motion should be denied.

### CONCLUSION

For the reasons stated herein, Sirianni's Motion for Partial Summary Judgment should be **denied** in its entirety, and the Court should award Plaintiff any remedy the Court deems

7

necessary and just, including attorneys' fees and costs associated with having to defend this Motion.

Dated: November 23, 2020.                             Respectfully submitted,

**Aron Smukler**
Aron Smukler, Esq. (FBN: 297779)
E-mail: asmukler@saenzanderson.com
**Tanesha W. Blye**
Tanesha W. Blye, Esq. (FBN: 738158)
E-mail: tblye@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff(s)*