UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No. 9:20-cv-80954-DMM

SL MONROE, SR, and other similarly )
situated individuals, )
  )
         Plaintiff, )
  )
v. )
  )
DELPHI BEHAVIORAL HEALTH )
GROUP, LLC, d/b/a The Palm Beach )
Institute, PALM BEACH RECOVERY, )
LLC, and DOMINIC SIRIANNI, )
  )
         Defendants. )
  )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTIONS IN LIMINE**

Plaintiff, SL MONROE, SR ("Plaintiff"), by and through undersigned counsel, hereby files this response in opposition to the Motions in Limine filed by the Defendants DELPHI BEHAVIORAL HEALTH GROUP, LLC, d/b/a The Palm Beach Institute, PALM BEACH RECOVERY, LLC, and DOMINIC SIRIANNI (collectively, "Defendants"), and in support, alleges as follows:

**INTRODUCTION**

Plaintiff was employed by Defendants as a Behavioral Health Technician from approximately July 20, 2018 through April 1, 2020. During his employment, Plaintiff worked on average approximately 50 hours per week and was paid on average approximately $15.25 per hour. However, Defendants did not pay Plaintiff for all hours Plaintiff worked in excess of 40 per week. On or about April 1, 2020, Plaintiff was unlawfully terminated because he complained to Defendants about unpaid wages.

On June 17, 2020, Plaintiff brought a three-count complaint against Defendants, alleging: (1) unpaid overtime wages against the Corporate Defendants in violation of the Fair Labor Standards Act ("FLSA"); (2) unpaid overtime wages against the Individual Defendant in violation of the FLSA; and (3) retaliatory discharge against the Corporate Defendants in violation of the FLSA. The Defendants filed their Motions in Limine on or about November 9, 2020, in which they seek to exclude eight forms of evidence from being introduced at trial. For the foregoing reasons, each Motion should be denied.

## STANDARD OF REVIEW

The purpose of a motion in limine is to "allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cessna Aircraft Co.*, No. 03-20482-CIV, 2010 WL 1839266, at *9 (S.D. Fla. May 6, 2010). The Federal Rules of Evidence govern the admissibility of evidence and require that evidence be relevant to be admissible. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Reno v. Bossier Par. Sch. Bd.*, 520 U.S. 471, 487 (1997).

## MEMORANDUM OF LAW

### A. First Motion in Limine: "Me Too" Evidence

Plaintiff should not be precluded from introducing evidence and eliciting testimony regarding Defendants' failure to pay other employees overtime wages. In their Motion, Defendants cite to *Anderson v. WBMG-42*, claiming that the case stands for the notion that evidence of an employer's conduct towards another employee is not relevant to an individual claim. *Anderson v. WBMG-42*, 253 F.3d 561 (11th Cir. 2001). However, this case dealt with discrimination matters relating to Title VII, 42 U.S.C. § 2000(e) et seq., and 42 U.S.C. § 1981. *Id*. Instead, *Anderson* did

not deal with matters relating to wage disputes under the FLSA. As such, the Defendants have not sufficiently supported their argument that the so-called, "me too" evidence should be precluded in claims under the FLSA. In fact, "me too" evidence is relevant because it shows that the Defendants had notice of the FLSA's requirements and establishes that the Defendants willfully violated the FLSA. Accordingly, the Defendants' Motion should be denied.

### B. Second Motion in Limine: Testimony or Evidence Related to an Alleged Hostile Work Environment

Whether or not the Plaintiff experienced a hostile work environment is relevant to the Plaintiff's claim brought pursuant to the FLSA's anti-retaliation and discrimination provision. 29 U.S.C. § 215(a)(3) provides that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in such proceeding . . . ." As a preliminary matter, Defendants fail to identify the specific instances of hostile work environment it seeks to prevent the introduction of. Secondly, any evidence of a hostile work environment is related to the Plaintiff's claim brought pursuant to the FLSA's anti-retaliation and discrimination provision because the hostile work environment may have been caused by Plaintiff's complaints of unpaid wages, and because the hostile work environment is evidence of retaliatory discharge and discrimination. Accordingly, the Defendants' Motion should be denied.

### C. Third Motion in Limine: Evidence Based on Rumor

Defendants wrongfully assert that any testimony based on rumor must be made inadmissible. However, the statements that Defendants reference as alleged "rumors" in their Motion should not be precluded because Courts have found that evidence of rumors may be admissible to prove the fact that the rumors existed. See *Jamar v. Jacobs Tech., Inc.*, 2012 U.S.

Dist. LEXIS 143655, *8 (N.D. Ala. 2012). In *Jamar*, the court found that the rumors alleged by the plaintiff were not relevant and, even if they were relevant, the danger of unfair prejudice substantially outweighed the probative value. *Id*. However, unlike in *Jamar*, the evidence in the present case is relevant because the three examples cited by Defendants all specifically relate to either wage and overtime issues or the pretextual reasons for termination. Such evidence will not be presented to prove the truth of the matter asserted, but instead, to prove the fact that the rumors existed. Additionally, there is significant probative value because the alleged rumors are vital to Plaintiff's claim brought pursuant to 29 U.S.C. § 215(a)(3).

Defendants also wrongfully allege that statements made amongst employees, and statements made by Plaintiff to other employees that he was not paid overtime wages is both hearsay and hearsay within hearsay. However, this argument is ill-founded, as any such statements may be offered for another purpose other than to prove the truth of the matter asserted (e.g., to establish Defendants' knowledge of its obligations under the FLSA, or to show Defendants' motive, plan, or intent to wrongfully discharge Plaintiff). As such, Plaintiff should not be precluded from introducing evidence based on rumor, statements made amongst other employees, or statements made by Plaintiff to other employees.

### D. Fourth Motion in Limine: Evidence Related to Emotional Distress

The Defendants seek to exclude any evidence relating to any alleged emotional distress that the Plaintiff has faced. The Defendants cite to a case that stands for the notion that emotional distress is not available under the FLSA. See *Bolick v. Brevard County Sheriff's Dep't*, 937 F. Supp. 1560, 1566 (M.D. Fla. 1996). However, that ruling was subsequently followed by another case that led to a different conclusion. See *Vaccaro v. Custom Sounds, Inc.*, 2010 U.S. Dist. LEXIS 28188, *17-18 (M.D. Fla. 2010) (finding that "compensatory damages for emotional distress can

be awarded in FLSA cases."). Accordingly, Plaintiff should not be precluded from introducing evidence related to any alleged emotional distress.

### E. Fifth Motion in Limine: Other Documents and Evidence

If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial. *Stewart v. Hooters of America, Inc.*, 2007 U.S. Dist. LEXIS 44057, *1 (M.D. Fla. 2007). Here, the Defendants seek to exclude all evidence not produced during discovery. However, courts have been reluctant to grant such an overarching request. See *Santiago v. Sanders*, 2015 U.S. Dist. LEXIS 188987, *18 (S.D. Fla. April 16, 2015) (denying a motion in limine to exclude the use of documents not previously produced at trial because it is "unknown what documents, if any" a party may use for rebuttal or impeachment purposes); See also *Indus. Eng'g & Dev. V. Static Control Components, Inc.*, 2014 U.S. Dist. LEXIS 141823, *20 (M.D. Fla. 2014) (denying a motion in limine that sought to exclude documents not produced in discovery, because such a "blanket pre-trial order is improper."). The Defendants' vague request is unduly burdensome on the Plaintiff and is not clearly inadmissible.

### F. Sixth Motion in Limine: Matters Plaintiff was Unable to Recall

Plaintiff should not be punished due to his inability remember specific, detailed facts at his deposition. As a preliminary matter, Defendants make the unsubstantiated allegation that "Plaintiff was purposely and intentionally evasive," without any supporting evidence. However, what must instead be examined is that Plaintiff was understandably unable to provide the exact amount of hours he worked for each and every week while employed by Defendants. As stated in the Complaint, Plaintiff has alleged that he worked on average approximately 50 hours per week, but was not compensated at the lawful overtime rate. Furthermore, despite Plaintiff's inability to remember this precise information at his deposition, Plaintiff may use any writing or other matter

to refresh his memory of such at trial. See Fed. R. Evi. 612. Alternatively, Defendants may likewise attempt to impeach Plaintiff at trial. Accordingly, it would be unfairly prejudicial to the Plaintiff to preclude him from testifying at trial to something that he might not have been able to recall during his extensive deposition.

### G. Seventh Motion in Limine: Relative Size and Financial Condition of the Parties

Defendants should not be entitled to exclude Plaintiff from presenting evidence, statements, or arguments related to the financial condition of Defendants. Such a determination should instead be left for the Court when it is offered at trial. See *Goussen v. Mendez Fuel Holdings LLC*, 2018 U.S. Dist. LEXIS 190547, * (S.D. Fla. Nov. 7, 2018) ("To the extent that Plaintiff seeks to paint a picture of Defendants' general financial condition, the Court will determine the admissibility of such evidence when it is offered at trial.") (internal quotations omitted). Accordingly, the Defendants' Motion should be denied.

### H. Eighth Motion in Limine: Specific Comments

The Plaintiff should not be precluded from arguing that the jury should send a message or to act as the community. Arguments to the jury that include such language have been found to be permissible. See *Tiller v. Ford Motor Co.*, 2006 U.S. Dist. LEXIS 4196, *46 (M.D. Fla. 2006) (denying defendant's motion in limine to exclude plaintiff from asking the jury to "send a message" or act as "the conscience of the community."). Accordingly, the Motion should be denied.

### CONCLUSION

Accordingly, Defendants Motion in Limine should be **denied**, and Plaintiff should be awarded any relief the Court may deem just and proper.

Dated: November 23, 2020.    Respectfully submitted,

**<u>Aron Smukler</u>**
Aron Smukler, Esq. (FBN: 297779)
E-mail: asmukler@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Counsel for Plaintiff*